**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ROBERT ALEJANDRO BETHANCOURTH MEDINA,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1415-R** |
| **FRED FIGUEROA, et al.,** | ) | |
| **Respondents.** | ) | |

**NUNC PRO TUNC REPORT AND RECOMMENDATION**[1]

Petitioner Robert Alejandro Bethancourth Medina, a noncitizen proceeding pro se,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. §

[1] This Nunc Pro Tunc Report and Recommendation is issued to correct a clerical error in the Report and Recommendation entered on September 3, 2026, Doc. 20, which incorrectly identified the first Respondent. The deadline for filing objections remains as set forth in the original R&R.

[2] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

636(b)(1)(B), (C). Doc. 7. Respondents filed a response[4], Doc. 15, and the time for Petitioner to reply has lapsed.[5] *See* Doc. 10, at 1. So the matter is at issue.

For the reasons set forth below, the undersigned recommends the Court grant Petitioner's request for habeas corpus relief in part and order Respondents to provide him with an individualized bond hearing within ten days or release Petitioner from custody.

## I. Factual background and procedural history.[6]

---

[4] Fred Figueroa, Warden of the Diamondback Correctional Facility is not a federal official and the Government did not file its response on his behalf. Doc. 15, at 1 n.1.

[5] Petitioner has, however, filed several other motions. With his petition, Petitioner filed an Emergency Motion for Immediate Release, Doc. 2; an Emergency Motion to Expedite, Doc. 3; an Emergency Motion for Temporary Restraining Order, Doc. 4; and an Emergency Motion for Stay of Removal, Doc. 5. Petitioner later filed a Notice of Change in Detention Location that also seeks leave to file supplemental authority, Doc. 13; an Emergency Notice of Repeated Transfers that also seeks enforcement of the Court's Order for Response, Doc. 16; and a Renewed Emergency Motion to Expedite and Request for Prompt Ruling, Doc. 19. The undersigned has considered the authority Petitioner identifies in Doc. 13. See *id.* at 2-3. (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)). Given the expedited nature of these proceedings and the disposition recommended below, the undersigned recommends the Court deny the motions to expedite, Docs. 3, 19, and the remaining requests in Docs. 13 and 16 as moot. The undersigned addresses Docs. 2, 4, and 5 below.

[6] Respondents have not provided any documentation of Petitioner's immigration history, such as the Notice to Appear (NTA), a form I-213, or any other documents detailing Petitioner's initial entry into the United States or the circumstances of his November 2025 detention. *See* Doc. 15. The factual background accordingly reflects Petitioner's account, drawn from his verified filings.

Petitioner is a native and citizen of Venezuela. Doc. 1, Ex. 1, at 1. Petitioner claims that he was paroled into the United States on or about August 15, 2018. Doc. 1, at 9, 11; *id.*, Ex. 3, at 1. Petitioner was later granted Temporary Protected Status (TPS) and employment authorization. Doc. 1, Ex. 1, at 1, 4, 5. On November 14, 2025, Immigration and Customs Enforcement (ICE) detained Petitioner when he appeared for a scheduled reporting appointment. Doc. 1, at 9, 11-12.

On April 28, 2026, an Immigration Judge (IJ) ordered Petitioner removed to Venezuela. Doc. 13, Ex. 3, at 2-3. Petitioner's appeal to the Board of Immigration Appeals remains pending. *Id. See also* https://acis.eoir.justice.gov/en/caseInformation (noting a case appeal was received on June 24, 2026) (last visited Sep. 1, 2026). Petitioner's removal order is not administratively final. *See* 8 C.F.R. § 1241.1(a).

Petitioner filed this action on June 15, 2026, while detained at the Diamondback Correctional Facility in Watonga, Oklahoma. Doc. 1, at 10, 18. The Court entered an Order for Response on July 2, 2026. Doc. 10. Among other things, the Order directed Respondents to advise the Court if they intended to transfer Petitioner to another district, and to file that notice at least 72 hours prior to any transfer. *Id.* at 2. On July 10, 2026, Respondents notified the Court that Petitioner had been previously transferred to Camp East Montana in El Paso, Texas, on June 26, 2026, and that Petitioner was "manifested to return

to [the] Dallas [a]rea of responsibility on July 11, 2026." Doc. 12, at 2-3; *id.*, Ex. 1, at 1.

On July 17, 2026, Petitioner notified the Court of his transfer from the El Paso facility to the Prairieland Detention Center in Alvarado, Texas. Doc. 16, at 2-3. Petitioner is currently detained at the Prairieland Detention Center.[7]

## II. Petitioner's claims.

Petitioner raises six grounds[8] for relief: (1) prolonged detention without an individualized custody redetermination hearing in violation of due process; (2) punitive detention in violation of due process; (3) medical neglect and inadequate medical care; (4) unsafe housing with dangerous detainees; (5) retaliation and interference with access to the courts; and (6) risk of removal or third-country transfer pending review. *See* Doc. 1, at 14-16.

Petitioner seeks his immediate release under an appropriate order of supervision, or, in the alternative, he requests a prompt bond hearing where Respondents bear the burden to prove by clear and convincing evidence that

---

[7] *See* ICE Detainee Locator, locator.ice.gov/odls/#/results (last visited Sep. 1, 2026).

[8] Petitioner's filing consists of a form petition, Doc. 1, at 1-8, and a typed verified petition, *id.* at 9-18. The form petition lists four grounds, *id.* at 6-7, which substantially overlap with the six claims in the verified petition, *id.* at 14-16. The undersigned addresses the claims as stated in the verified petition.

he is a flight risk or danger to the community. Doc. 1, at 17. Petitioner also requests various forms of declaratory and injunctive relief, including a declaration that his continued detention violates due process, an order prohibiting his transfer outside this District without prior notice,[9] an order prohibiting retaliation, a stay of removal or third-country transfer while this action is pending, an order requiring his return at Government expense if he is removed, and an order requiring Respondents to preserve records related to his detention. *Id.*

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

---

[9] The Court addressed this issue in part in its Order for Response, Doc. 10, at 2. This request is now moot given Petitioner's transfer.

## IV. Discussion.[10]

### A. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b).

Petitioner asserts in part that the Government's continued detention of him without an individualized custody determination violates his due process rights. Doc. 1, at 6, 14. Respondents "contend that Petitioner is held pursuant to 8 U.S.C. § 1225(b)(2)(A) and is not entitled to a bond hearing," but they acknowledge that the Tenth Circuit's decision in *Santillan Quiroz*,180 F.4th 1226, "compels a different outcome." Doc. 15, at 2. The undersigned agrees.

"[T]his Court has previously construed 8 U.S.C. § 1225(b)(2)(A) as unambiguously requiring that an 'applicant for admission' also be 'seeking admission' for the section to control." *Munoz v. Grant*, No. CIV-26-544-D, 2026 WL 1078862, at *1 (W.D. Okla. Apr. 20, 2026). "This conclusion is in accord with *Santillan Quiroz* [], in which the Tenth Circuit held that '§ 1225(b)(2)(A)'s application is limited to the border.'" *Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *1 (W.D. Okla. July 14, 2026) (quoting *Santillan Quiroz*,

---

[10] Petitioner filed this Petition while detained in this District. Doc. 1, at 10. Respondents thereafter transferred him to Texas. Doc. 12, Ex. 1, at 1; Doc. 16, Ex. 3, at 2. The transfer does not divest this Court of jurisdiction. "It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n,* 754 F.2d 887, 888 (10th Cir. 1985). *See also Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).

180 F.4th at 1240); *see Santillan Quiroz*, 180 F.4th at 1237 ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

Petitioner claims the Government paroled him into the country in 2018. Doc. 1, at 9, 11. Respondents neither confirm nor dispute that account, and nothing in the record documents the circumstances of Petitioner's entry. *See* Doc. 15. The Court need not resolve the point. Whether or not Petitioner was paroled, the record shows that he resided in the interior of the country for roughly seven years, that the Government granted him TPS and employment authorization during that period, and that ICE detained him in Texas when he appeared for a scheduled reporting appointment. Doc. 1, at 9, 11-12; *id.*, Ex. 1, at 1, 4, 5; *id.*, Ex. 3, at 1. Petitioner was not "seeking admission" at the border when ICE detained him. So he "does not fall into the mandatory detention provision of § 1225(b)(2)(A)." *Ramos Perez*, 2026 WL 2033144, at *2. Instead, § 1226(a) controls his detention and entitles him to a bond hearing. *Id.* (citing *Santillan Quiroz*, 180 F.4th at 1251 n.13); *see also Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026) (concluding that detention of a noncitizen who had resided in the interior for years before ICE detained him "is more naturally characterized as detention 'pending a

decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)").

**B. Petitioner is entitled to a bond hearing under § 1226(a).**

Respondents assert that any relief the Court grants should be "limited to ordering the Respondents to provide a bond hearing within seven days." Doc. 15, at 2. Petitioner requests a bond hearing in the alternative to his immediate release. Doc. 1, at 7, 17. Because Petitioner is detained under § 1226(a), the undersigned concludes a bond hearing is the appropriate remedy. *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to § 1226(a) are "eligible for bond").

"Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhono*v, 2026 WL 1865418, at *3. Here, the Government has not provided Petitioner with an individualized custody determination since his detention in November 2025. Doc. 1, at 6, 10; *see, e.g.*, *Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Zhakhonov*, 2026 WL 1865418, at *3; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026

WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).").

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days or else release Petitioner. *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").[11]

---

11 Petitioner requests the Court place the burden on the Government at a bond hearing to prove he is not a danger to the community or flight risk by clear and convincing evidence. Doc. 1, at 7, 17. But the Court has previously declined to order burden shifting. *See, e.g.*, *Zhang v. U.S. District Court*, No.

### C. The Court should decline to address Petitioner's remaining claims.[12]

Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address the merits of Petitioner's remaining claims for relief.[13] The Court can grant him relief under § 1226(a). *See Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *see also*

---

CIV-26-1022-D, 2026 WL 2323190, at *1 (W.D. Okla. Aug. 11, 2026) ("[T]he Court declines to place the burden on the Government to justify Petitioner's detention pending removal proceedings, at this time."); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) ("At this time, the Court declines to place the burden on the government to justify Petitioner's detention pending removal proceedings."). So the undersigned does not recommend it in this case.

[12] Respondents argue that Petitioner's challenges to the conditions of his confinement are not cognizable in habeas and must instead be raise through a civil rights action. Doc. 15, at 2-3; *see Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012).

[13] Three of Petitioner's emergency motions remain. The Emergency Motion for Immediate Release, Doc. 2, seeks only his release under conditions of supervision and does not request a bond hearing in the alternative. Because the undersigned recommends a bond hearing rather than release, the Court should deny that motion. Petitioner's Emergency Motion for Temporary Restraining Order, Doc. 4, and Emergency Motion for Stay of Removal, Doc. 5, seek relief tied to the claims the undersigned recommends the Court decline to reach. The undersigned accordingly recommends the Court deny those motions without prejudice.

*Zhang*, 2026 WL 2323190, at *2 n.1 ("Given this determination, the Court declines to address Petitioner's remaining claims at this time.").

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant Petitioner's habeas petition part and order Respondents to provide Petitioner with an individualized bond hearing in front of a neutral IJ within ten days or else release Petitioner.** The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order, and to promptly provide a copy of this order to counsel for the Warden of the Prairieland Detention Center.

The undersigned further recommends that the Court **deny** Petitioner's Emergency Motion for Immediate Release, Doc. 2, and **deny without prejudice** Petitioner's Emergency Motion for Temporary Restraining Order, Doc. 4, and Emergency Motion for Stay of Removal, Doc. 5. *See supra* n. 12. Finally, the undersigned recommends the Court **deny as moot** Petitioner's Emergency Motion to Expedite, Doc. 3, his Renewed Emergency Motion to Expedite and Request for Prompt Ruling, Doc. 19, and the remaining requests in his notices, Docs. 13, 16. *See supra* n. 4.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by September

14, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[14] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 8th day of September, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

[14] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process").