**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ROBERT ALEJANDRO, BETHANCOURTH MEDINA** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1415-R** |
| **FRED FIGUEROA, et al.,** | ) | |
| **Respondents.** | ) | |

**ORDER**

Petitioner, Mr. Robert Alejandro Bethancourth Medina, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell who issued a Report and Recommendation [Doc. No. 21] recommending this Court grant in part Petitioner's Petition and deny other associated motions, and order Respondents to provide Petitioner with a prompt bond hearing pursuant to 8 U.S.C. § 1226(a). Both Petitioner and Respondents filed Objections [Doc. No. 22; Doc. No. 23], triggering de novo review of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

In his petition, Mr. Medina asks the Court to shift the burden of proof to the government and alter the burden by imposing the clear and convincing standard. [Doc. No. 1 at 17.] Judge Mitchell recommended that an order shifting/altering the burden is not appropriate at this time. [Doc. No. 20 at 9–10]. Mr. Medina objects to this recommendation, noting several cases in his favor from courts outside the Tenth Circuit. [Doc. No. 23 at 4.].

Considering the lack of precedential cases, either from the Supreme Court or the Tenth Circuit, and the prior practice in the Western District of Oklahoma, the Court declines to shift or alter the burden at this premature stage. *See, e.g.*, *Jalloh v. Garland*, No. CIV-22-908-R, 2023 WL 3690252 at *2 (W.D. Okla. May 26, 2023); *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100 at *2 (W.D. Okla. April 16, 2026). Simply put: since an immigration judge has not yet had the opportunity to decide this issue in the first instance, the Court will not issue an advisory opinion and dictate to the IJ what the burden of proof must be. *Id.*[1]

Respondents acknowledge that the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) controls this matter.[2] The Court agrees with Judge Mitchell's finding that Petitioner's detention is pursuant to § 1226(a). The Court further agrees that the proper remedy is an individualized bond hearing under § 1226(a). *See id.* at 1251 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.").

Respondents further state they do not object to Judge Mitchell's recommendation that this Court refrain from considering Mr. Medina's remaining claims for relief. [Doc. No. 22 at 2]. Judge Mitchell recommends that the Court deny Mr. Medina's Emergency

---

[1] Mr. Medina's objection provides that he raises this argument in part to preserve it for appeal. [Doc. No 23 at 3.]

[2] Respondents state they do not waive their argument that Mr. Medina is detained under 8 U.S.C. § 1225(b)(2)(A) and thus is not entitled to a bond hearing.

Motion for Immediate Release [Doc. No. 2] because of her recommendation that a bond hearing is the appropriate remedy. Judge Mitchell also recommends the Court deny Mr. Medina's Emergency Motion for Temporary Restraining Order [Doc. No. 4] and Emergency Motion for Stay of Removal [Doc. No. 5] because each "seeks relief tied to the claims [Judge Mitchell] recommends the Court decline to reach. [Doc. 21 at 10 n.13]. In his objection, Mr. Medina "do[es] not ask the Court to decide those matters now," and agrees with Judge Mitchell's recommendation that they be denied without prejudice. [Doc. No. 23 at 4.] The Court agrees. It will not address Mr. Medina's other claims for relief.

Accordingly, the Court ADOPTS Judge Mitchell's Report and Recommendation. The Court GRANTS IN PART Mr. Medina's Petition for a Writ of Habeas Corpus [Doc. No. 1], DENIES Mr. Medina's Motion for Immediate Release [Doc. No. 2], and DENIES without prejudice Mr. Medina's Emergency Motion for Temporary Restraining Order [Doc. No. 4] and Emergency Motion for Stay of Removal [Doc. No. 5]. Respondents are directed to provide Mr. Medina with a lawful bond hearing pursuant to § 1226(a) within seven days of the date of this order or otherwise release him if he has not received such a hearing within that period. Respondents shall certify their compliance with this Order.

IT IS SO ORDERED this 15th day of September, 2026.

David L. Russell

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**